FRUGÉ, Judge.
Plaintiff, Mrs. Necia Landrum, brought suit against her husband’s automobile liability insurer seeking damages for personal injuries she allegedly received as the result of her husband’s negligent parking of his automobile. Originally, her husband, J. F. Landrum, was joined in the suit as a party defendant, but the suit as against him was dismissed on an exception of “no right or cause of action,” due to the inter-spousal immunity from suit. Dismissal of the suit against the defendant insurer on the exception was reversed by this court and the cause was remanded for trial on the merits.
After trial on the merits, the district court concluded that plaintiff had failed to prove that her injuries resulted from any negligence on the part of her husband and therefore dismissed plaintiff’s suit at her cost. Plaintiff takes this appeal.
The plaintiff, Mrs. Landrum, was the only eyewitness to the accident. Her version of the accident was that she received injuries to her right leg while getting into her husband’s automobile that he had left parked in their driveway about twenty minutes previous to the accident. The driveway has a slight incline. After opening the car door on the left, or driver’s side, and after getting partially into the car, it began rolling backward down the driveway. As the car moved backward, she grabbed the steering wheel and the open left door to keep from falling. As the car was moving, she had her right leg inside the car and was partially seated on the driver’s seat with her left leg outside the car. The car stopped after rolling about twelve feet.
After the automobile stopped rolling, she managed to hobble back to the house and telephone her daughter to come to her aid. Mrs. Landrum stated that she did not know exactly what had caused the injury to her right leg. She stated that she experienced soreness in her left arm and leg from having been struck by the car door opening and closing while the car rolled backwards.
Mr. Landrum testified that he had parked the car in the driveway shortly before the accident occurred. He stated that he had not set the emergency brake, but thought that he had engaged the parking gear. He was not at home when the accident occurred.
The medical testimony revealed that the injury was to the outside portion of the lower one-third of her right leg just above the ankle. The injury was evidenced by a large hematoma and appeared to have been caused by striking a blunt object.
The testimony of Mrs. Landrum’s treating physician, Dr. Charles E. Cook, indicates that the history she gave him was somewhat contradictory to her version of the accident as pleaded and as presented at the trial. He saw and treated Mrs. Landrum immediately after the accident, at which time she gave a history of having slipped while entering her husband’s automobile. On cross examination, Dr. Cook testified:
“Q. Was the history that she gave you of having fallen and struck the car would have caused the type of injury that you saw?
‘A. Yes, sir, as I recall she stated that there was a little drizzle of rain or anyway it was a little damp and as she came down the hill from her house to get into this car her leg-slipped and slid into the frame of' this automobile, now that is as I understood her. Which would, coincide very nicely with this injury. A two hundred and fifty- *847 pounds of weight banging into this stationary metal which I think fits the history perfectly. I didn’t question the history at all.”
It is thus defendant’s position that not only has plaintiff failed to prove that the accident was caused by any negligence of Mr. Landrum, but to the contrary, the history of the injuries given by Mrs. Landrum to her own physician indicates that she was injured when her foot slipped and she fell against the automobile.
No citation of authority is required in support of the principle that a plaintiff in a tort action bears the burden of proving his case by a preponderance of the evidence. It was therefore incumbent on the plaintiff in the instant case to establish that her injuries were proximately caused by some negligent act, omission or •conduct of her husband, defendant’s insured.
The trial judge concluded that Mrs. Lan-drum had failed to prove her case by a preponderance of the evidence. He noted that the accident might just as well have occurred as the result of Mrs. Landrum’s slipping while getting into her husband’s car, rather than as testified to by her.
 This court will not disturb a trial •court’s ruling based on factual findings unless there is shown to be manifest error. In the instant case we do not believe the trial judge has manifestly erred.
Certainly the testimony of plaintiff’s attending physician militates against acceptance of her version of the accident. The injury itself appears to be more consistent with the history of the accident as related by Dr. Cook. Mrs. Landrum’s indefiniteness •as to how her right leg was injured also adds support to the trial judge’s ruling that •she had not proved her case.
For these reasons, the judgment of the •district court dismissing plaintiff’s suit is affirmed. Plaintiff shall bear the cost of this appeal.
Affirmed.