MILLER, Judge.
Defendant Richard Franklin, insured by defendant Allstate Insurance Company, ran into plaintiff Curtis Robinson’s parked car. Franklin contends that defendant Mildred Cook’s negligent turn into Franklin’s lane forced him to strike the parked car. Robinson sued Franklin and Allstate. Allstate third-partied Mildred Cook. Robinson then amended his petition to name Cook as another defendant.
The trial court awarded $377.01 as property damages to Robinson casting Franklin and Allstate and relieved Cook from liability. Franklin and Allstate appealed. We affirm.
Appellants contend that the trial court erred in finding Franklin guilty of negligence and in failing to find that the sole proximate cause of the accident was the negligence of Mildred Cook in changing lanes and forcing Franklin into the parked car.
The accident occurred on Third Street in Alexandria, Louisiana during a moderate rain on March 19, 1970 at approximately 5:00 p.m. Third Street is two lane one way for southbound traffic with parking permitted on both sides of the street. Robinson was legally parked on the left side of the street. Franklin was driving in the left lane alongside another vehicle traveling south in the right lane.
Franklin contends that the vehicle in the right lane suddenly and without warning turned left into his lane causing him to apply his brakes, sound his horn and turn left into the parked vehicle.
Franklin told the investigating officer that “a green Pontiac” forced him over; that it had a 1970-71 license plate on it, but he didn’t have the number. At trial, Franklin testified that he recognized the driver to be Mildred Cook, but couldn’t recall her name during the investigation.
Franklin testified that sometime later that day (or the following day), he saw Mrs. Cook pass his house in her green Pontiac and recognized her to be the same person who forced him into Robinson’s car. Some eight years earlier Franklin had attended the school where Mrs. Cook teaches. Franklin did not inform the investigating officer that he recognized the person who forced him into the parked vehicle.
Mrs. Cook testified that she was in her home taking a nap when the accident occurred. There is ample testimony in the record to support the trial court’s finding that Mrs. Cook was not near the scene when the accident occurred.
Absent manifest error the trial judge’s determination of matters involving purely factual issues will not be disturbed on appeal. Landrum v. United States Fidelity and Guaranty Co., 175 So.2d 845 (La.App. 3d Cir. 1965).
Appellants _ contend that even if they failed to prove that Mrs. Cook caused the accident, it was established that some third vehicle caused the accident, and therefore Franklin was free from negligence.
Allstate relies on Franklin’s testimony and a statement given by Robinson to Allstate’s adjuster. In that statement, Robinson stated that Franklin had been forced into Robinson’s parked car. Robinson testified that he did not see any vehicle force Franklin’s vehicle into his car; that traffic was heavy at that time of day; that he admitted that Franklin contended that some unknown vehicle forced him into Robinson’s parked car, and only verified that Franklin said he was forced into the parking lane. Robinson stated that the adjuster told him a statement was needed so that he could pay the claim. There is no manifest error in the trial court’s finding that the evidence did not support the statement taken by Allstate’s adjuster.
The judgment is affirmed. Appellants are to pay the cost of this appeal.